**WO**                                                                                                                                KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlie Medina, | No. CV06-1455-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Charlie Medina, confined in Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] The Court will require Defendant Arpaio to answer Count III of the Complaint.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. Plaintiff is assessed an

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

initial partial filing fee of $3.10. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Named as Defendants to the Complaint are: 1) Maricopa County Sheriff Joseph M. Arpaio; 2) MCSO Medical Staff; and 3) Andrew Kunaseth, Maricopa County Board of Supervisors.

Plaintiff alleges three grounds for relief in the Complaint: 1) Plaintiff submitted a request for medical care but did not receive medical attention for nearly a month; 2) orders from medical were not complied with by Jail staff; and 3) conditions in the Jail are unsanitary and overcrowded and Plaintiff receives insufficient and spoiled food in violation of the Eighth Amendment. Plaintiff seeks money damages.

Count III adequately states a claim, and the Court will require Defendant Arpaio to answer that Count.

## IV. Dismissal of Defendants

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

1  Plaintiff makes no allegations against MCSO Medical Staff in the body of the Complaint, and
2  this Defendant will be dismissed.

3  Plaintiff also alleges that Defendant Kunaseth is responsible for forming policies for
4  the Maricopa County Jails. In Arizona, the responsibility of operating jails and caring for
5  prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101.
6  Accordingly, Defendant Arpaio is designated by statute to form policies for the Jail.
7  Defendant Kunaseth will therefore be dismissed.

8  **V.  Failure to State a Claim**

9  To state a claim under the Eighth Amendment for prison medical care, a prisoner must
10 allege "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091(9th
11 Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a
12 "serious medical need" by demonstrating that failure to treat the condition could result in
13 further significant injury or the unnecessary and wanton infliction of pain and (2) the
14 defendant's response was deliberately indifferent.  Jett. 439 F.3d at 1096 (quotations
15 omitted).  To act with deliberate indifference, a prison official must both know of and
16 disregard an excessive risk to inmate health; the official must both be aware of facts from
17 which the inference could be drawn that a substantial risk of serious harm exists, and he must
18 also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate
19 indifference in the medical context may be shown by a purposeful act or failure to respond
20 to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439
21 F.3d at 1096.

22 Although Plaintiff raises claims for inadequate medical care in Count I and II, Plaintiff
23 has failed to identify individuals deliberately indifferent to his medical needs and has failed
24 to link any of the named Defendants to these claims.

25 The Court also notes that to the extent Plaintiff claims violations of Hart v. Hill in
26 Counts I and II, Hart v. Hill provides no independent cause of action for monetary damages.
27 Although the class action does not foreclose an individual complaint for damages, see Hiser
28 v. Franklin, 94 F.3d 1287 (9th Cir. 1996), Plaintiff must demonstrate some right of action

and legal entitlement to the monetary damages he seeks. In a case challenging the provision of medical care, the most likely source of a right to sue (of which Plaintiff has availed himself in this action) is 42 U.S.C. § 1983. However, in order to state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim. As discussed above, Plaintiff has failed to state such a constitutional claim in Count I and II. Accordingly, Counts I and II must be dismissed.

**VI. Warnings**

    **A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

    **B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff may not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

    **C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

    **D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

1  (1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted** pursuant to 28 U.S.C. § 1915(a)(1).

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee. Plaintiff is assessed an initial partial filing fee of $3.10.

(3) Defendants MCSO Medical Staff[2] and Kunaseth, **and** Counts I and II of the Complaint, are **dismissed**.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(7) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal must immediately file with the Court requests for waivers returned as undeliverable or waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

---

[2] Although Plaintiff lists MCSO Medical Staff as a Defendant on page 2 of the Complaint, MCSO Medical staff does not appear as a Defendant on the Court's electronic docket.

     (a)  Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

     (b)  Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant Arpaio must answer Count III of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) This matter is referred to Magistrate Judge Edward C. Voss under Rules 72.1 and 72.2 of the Local Rules of Civil Procedure.

DATED this 24th day of July, 2006.

_____
Mary H. Murguia
United States District Judge