**WO**                                                                                                                  BL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charlie Medina, | ) | No. CV 06-1455-PHX-MHM (ECV) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph M. Arpaio, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #6) for lack of exhaustion.  Plaintiff failed to respond.  The Court will grant Defendant's motion.

**I.  Background**

Plaintiff filed a 42 U.S.C. § 1983 action alleging that Defendants Joseph M. Arpaio, MCSO Medical Staff, and Andrew Kunaseth, member of the Maricopa Board of Supervisors, violated his constitutional rights through deliberate indifference to his medical needs and unsanitary conditions (Doc. #1).  The Court dismissed Medical Staff and Kunaseth and Plaintiff's claims of deliberate indifference to his medical needs (Doc. #3).  The Court ordered Arpaio to answer Plaintiff's claims of unsanitary conditions (Id.).  Arpaio subsequently filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies (Doc. #6).  Attached to the motion were (1) an affidavit of Sergeant

1
2

Zelean Tademy, a Hearing Officer for inmate discipline and grievances, and (2) the Maricopa County Inmate Grievance Procedures (Id.).

3

**II.  Failure to Respond**

4
5
6
7
8
9
10
11
12

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).  Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

13
14
15
16
17
18
19

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #7)  Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss.  Although Plaintiff's failure to respond to the Motion to Dismiss may be construed as a consent to the granting of it, out of an abundance of caution, the merits of Defendant's motion will be addressed.

20

**III.  Legal Standard on Motion to Dismiss**

21
22
23
24
25
26
27

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006).  Exhaustion is mandated "regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in all inmate suits regarding prison life.  Porter v. Nussle, 534 U.S. 516, 523 (2002).  To be "properly exhausted," the prisoner "must complete the administrative review

28

1  process in accordance with the applicable rules, including deadlines, as a precondition to

2  bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

3        Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt

4  v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The Court considers exhaustion as a matter

5  of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may

6  look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20.  The Court has

7  broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l

8  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

9  **IV.  Analysis**

10        An inmate should seek to resolve a conflict through the Maricopa County Jail

11  System's Inmate Grievance Procedures.  An inmate who wishes to file a grievance will be

12  provided a Grievance Form upon request, and must submit the form to a detention officer.

13  The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing

14  Officer.  If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his

15  decision to the jail commander, whose decision may be appealed to an External Referee.  The

16  External Referee's decision is final (Doc. #6, ex. 1 attach. A).  Tademy attested that during

17  his incarceration, Plaintiff filed five grievances complaining about his medical care (Id., ex.

18  1).  Plaintiff, however, filed no external appeals (Id.).

19        Defendant has demonstrated the existence of a grievance system of which Plaintiff

20  failed to avail himself.  Plaintiff indicated in his Complaint that he was informed his issues

21  were not grievable (Doc. #1).  However, Plaintiff did file grievances and thus was aware of

22  the grievance system and how to utilize it.  Plaintiff's statement in his Complaint is

23  insufficient to support a conclusion that Plaintiff was "reliably informed" that there were no

24  available remedies.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  Accordingly,

25  Defendant's Motion to Dismiss will be granted.

26  ///

27  ///

28  ///

1     **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #6) is **granted**.

2   Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court

3   shall enter a judgment of dismissal accordingly.

4        DATED this 12th day of February, 2007.

5

6

7   _____

8                    Mary H. Murgula
                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -